Cole v. Cady.

---

## COLE v. CADY.

1. PRACTICE: INJUNCTION. An injunction having the force and effect of a writ of restitution, under the provisions of Section 20, Chapter 31, of the Political Code, is in the nature of a temporary restraining order or preliminary injunction and determines nothing as to the ultimate rights of the parties. An order granting or refusing such writ can be reviewed only in conjunction with the appeal from final judgment in the main action.

2. APPEAL: RECORD. The Supreme Court will not review an order appealed from where the record does not purport to contain all the papers upon which such order was granted.

*Appeal from the District Court of Lawrence County.*

THE facts are stated in the opinion.

*Tripp & Boyles,* for appellants.

This is an action brought by the respondents, under the Mining Act, Political Code, 162, § 20, to recover of the appellants the possession of certain mining property alleged to have been entered upon by them during the temporary absence of the respondents therefrom.

---

The plaintiffs in their complaint allege a peaceable possession in themselves, a temporary absence, a fraudulent entry and detainer by defendants, a demand, and pray for an injunction having the force and effect of a writ of restitution.

Defendants deny the allegations of the complaint, and aver a want of jurisdiction in the court to grant the relief prayed for.

An order was granted to show cause why the relief prayed for should not be granted, made returnable by the Judge before himself at chambers. Upon return of the order to show cause, the case was heard before the Judge at chambers upon complaint, answer, and affidavits of plaintiffs and defendants, and a judgment was entered granting an injunction having the force and effect of a writ of restitution, from which judgment so entered on the 19th day of April, 1878, the defendants appeal to the Supreme Court, and claim that the judgment so entered should be reversed, because:

I. The Judge had no power to hear and determine this case at chambers. He has no power to do any act at chambers, except such as is specially conferred upon him by the Legislature. (1 Wain, 306 ; *Larco v. Casanenava*, 30 Cal., 561 ; *Conroe v. Bull*, 7 Wis., 354, (408.) There is no statute conferring power upon the Judge at chambers to hear and determine actions of this character, but the power is expressly conferred upon the District Courts and the Judges thereof, sitting in chancery, that is chancery courts. (Political Code, 162, § 20.) Our statute, by implication, abridges the powers of the District Judges at chambers, formerly possessed, by making the courts now always open for the granting, modifying, and vacating provisional remedies, etc., much of which was formerly done by the Judges at chambers. (See 31, Code Civil Procedure.) This was a final injunction granted upon the pleadings and affidavits. (See order of injunction.) It does not purport to be pending litigation, nor for any specified time, and is therefore final. It is not a temporary injunction. Mr. Wait says: " A temporary injunction can issue only to prevent an act and not to compel the performance of one." " Mandatory injunctions are always final." (2 Wait Pr., 2.) But if it was designed to be a temporary injunction, it could not issue, for there was no principal

action pending to which it was auxiliary. This was an issue of fact, and there are but two ways of trying such an issue: 1st, by jury; 2d, by the Court. (§ 236, Code of Civil Procedure.) This statute comes from Colorado, evidently, as there is no similar statute to be found in the other states or territories; but they have there an additional provision providing for trial of the case, reference to a master in chancery to take testimony, and for an appeal from the final order granting the writ, as in other chancery cases.) (Gen. Laws Col., § 1361.) These provisions of the Colorado statute show that the remedy is to be enforced by the chancery court as a summary but final remedy like forcible entry and detainer, granting an ouster upon proof of the facts bringing the case within the statute, and that proof must be made by evidence of witnesses, oral or in form of depositions, not by ex-parte affidavits.

II. If this case had been heard and determined by the Court as a court of equity, under the objection of the defendants, we should then claim that the Court erred in depriving the defendants of their jury trial, and that the act purporting to give the equity court jurisdiction in such cases is unconstitutional and void. Our Organic Act gives to the District Courts chancery as well as common law jurisdiction. (Organic Act, § 1868.) And, by all the decisions, these jurisdictions must be kept separate. They cannot be blended so as to deprive the party of his right of trial by jury. The Legislature has no power to make an equitable action a legal one. Nor can it, as in this case, make and substitute an equitable remedy for the action of ejectment or the summary proceeding by forcible entry and detainer, and thereby deprive a party of his right to trial by jury. (*Dumphy v. Kleinsmith*, 11 Wall., 610–14–15; *Basey v. Gallagher*, 20 Wall., 670–80–1; *Reubens v. Joels*, 13 N. Y., 488–94; VII Amend. U. S. Constitution; Act of Congress app'd April 7, 1874; *Bradley v. Aldrich*, 40 N. Y. (Hand) 504; *Mann v. Fairchild*, 41 N. Y. (Keyes) 106; *Parsons v. Bedford*, 3 Peters, 433.) It is not the province of an equity court to try titles or the right of possession to real property. Nor will a court of equity grant a writ of restitution, except upon a final hearing and decree. (*Bracken et al v. Preston*, 1 Pinney (Wis.) 584.) This is an action for the recovery of possession of specific real property, and our statute expressly provides that such an action *must* be tried by a

jury, unless a trial by jury be waived. (Code Civil Procedure, § 236.) There is no pretense of a waiver. The facts show the reverse. The judgment should be reversed.

*Parker & Frank*, for respondents. No brief filed.

Moody, J.—This was an action brought by the respondents (plaintiffs below) in the District Court of Lawrence county, against the appellants, (defendants below,) to recover the possession of a certain tunnel situated in a mining claim in such county, the claim being called and known as the "Old Brigg" mine.

The plaintiffs' allege prior actual occupancy and continued right of possession; that defendants, by fraud, and during the temporary absence therefrom of said plaintiffs, entered upon and into said tunnel; still retain the possession thereof; a refusal to surrender upon demand; and pray for an injunction having the force and effect of a writ of restitution, and for such other and further relief as by law and right they may be entitled to, and for costs.

The defendants answer, by what may be properly characterized as a combined answer and demurrer, as follows:

"And now come the defendants, and for answer to the complaint of plaintiffs in the above entitled cause deny each and every material allegation contained therein; and for a further answer to the complaint of plaintiffs, defendants allege the fact to be, the facts stated in said complaint do not constitute a cause of action; that the same is not within the jurisdiction of said court; that the statute upon which said action is based is unconstitutional; that it is not within the jurisdiction of the court to issue a writ of restitution prior to the rendition of a judgment; that the same must be based upon a judgment, and a judgment cannot be rendered against defendants without the interposition of a trial by jury."

The complaint, verified, together with some affidavits not appearing in the transcript, were presented to the then Judge of the First Judicial District, who thereupon made the following order to show cause:

Cole v. Cady.

" On reading the within complaint and affidavits introduced on behalf of plaintiffs, ordered that said defendants (naming them.) show cause before me at chambers, in Deadwood, Dakota, on the ninth day of April, A. D. 1878, at the hour of 10 o'clock A. M., why an injunction having the force and effect of a writ of restitution should not issue as prayed in said complaint.

'· Done at chambers, Deadwood, D. T., this third day of April, A. D 1878.
."GRANVILLE G. BENNETT, *Judge*."

The bill of exceptions recites that upon the return of the order to show cause at an adjourned day the cause came on for hearing before the Judge upon the complaint, order to show cause, *affidavits* of plaintiffs, and answer and *affidavits* of defendants, although no affidavits, or papers, or proofs upon which the hearing was had, or the order hereafter mentioned was granted, appear in the transcript, save such verified complaint and verified answer; nor does the certificate of the clerk, or the bill of exceptions, show that these were all the papers or proofs upon which the order was granted. Upon such hearing the Judge made the following order :

" On return of the order to show cause made by me, * * (and after hearing counsel for both parties,) it is ordered that said plaintiffs * * * be restored to the possession of the tunnel on ' Old Brigg ' mine, occupied by said plaintiffs at the time they complained of having been ousted by the said defendants, * * * to-wit: on the twenty-seventh day of March, A. D. 1878; and I hereby order that the said defendants, and their agents and servants, be and they are hereby enjoined and restrained from interfering in the possession and development of the mining ground of said ' Old Brigg' mine through said tunnel.

" Given under my hand and seal at Deadwood, (with date.)
"GRANVILLE G. BENNETT,
" *Judge First Judicial District Court.*"

From this order, and the preliminary determination of the Judge that the act of the Legislature upon which the order was based was valid, and that he had jurisdiction, the defendants appeal to this court.

The first question which is presented for consideration is : What is the nature of the order appealed from? Is it a final order, a final judgment—in other words, a final decision, within the meaning of the statute of the United States—from which this court derives its appellate powers? · If it is, then we must needs determine at this time whether error has been committed in the granting of such order, and this would necessarily · involve the determination of the question of the validity or invalidity of the act of the Legis

lature under which this power has been exercised. If it is not a final order, but only, in effect, a preliminary or temporary injunction, pending the litigation in the main action, and auxiliary merely to the main action; then, under the decision of this court at this term, in the case of the *Harris Manufacturing Company v. Walsh,* this appeal is premature and must be dismissed, as beyond the power of this court at this time to consider and determine. The provisions of the statute, under which this order evidently was granted, are contained in section 20, c. 31, of the Political Code, and are as follows:

".The District Courts, or any Judge thereof, sitting in chancery, shall have, in addition to the power already possessed, power to issue writs of injunction for affirmative relief, having the force and effect of a writ of restitution, restoring any person or persons to the possession of any mining property from which he or they may have been ousted by force and violence, or by fraud, or from which they are kept out of possession by threats, or whenever such possession was taken from him or them by entry of the adverse party on Sunday or a legal holiday, or while the party in possession was temporarily absent therefrom; the granting of such writ to extend only to the right of possession under the facts of the case, in respect to the manner in which the possession was obtained, leaving the parties to their legal rights on all other questions, as though no such writ had issued."

The most favorable view which can be taken of this statute is, that it was intended by the Legislature to be a recognition of the well known powers of a court of equity, by its final decree, in a proper case, to direct the issuing of an injunction of a mandatory or restorative character, and also as an enlargement of the powers of the court, or a Judge thereof, to the extent that injunctions in this peculiar class of cases to operate temporarily, but possessing the force and effect for the time being, of mandatory or restorative injunctions, might be granted. It was passed at the same session of the Legislature as the Code of Civil Procedure, and by express enactment, for the purpose of construction, is to be held and deemed to have been passed on the same day and as part of the same statute, (section 16, p. 940, Revised Codes;) and I think should be read as though it was incorporated into and made a part of

Cole v. Cady.

Article 3, c. 11, of such Code of Civil Procedure, Title "Injunctions;" and thus all the safeguards there provided, and with the opportunity to the person against whom the order is granted to be heard concerning it, will attach to and form a part of it.

When thus construed, as in effect a part of the Code of Civil Procedure relating to preliminary injunctions, it will at once be observed that this order in question is, and can be but a temporary restraining order—a preliminary injunction pending the litigation in the main action, and determining nothing as to the ultimate rights of the parties—and an appeal from it at this time will not lie to this court. I recognize the ordinary rules of chancery which preclude a chancellor from granting a temporary or preliminary injunction to operate as mandatory or restorative, and that in the absence of an express enactment to that effect a Judge would not undertake the exercise of such extraordinary powers. But, without passing in advance upon the question of the validity of the statute as it now is, as not properly before us in the view I take of the temporary character of this order appealed from, I know of no rule of law, constitutional or otherwise, which will prevent the Legislature, in its wisdom, from conferring that power, with the proper safeguard and protection of the defendant's rights, and by requiring the requisite security, and in regard to a proper subject. It may be considered as analagous to the process for the immediate delivery of personal chattels, pending the litigation relating to the right of possession of such chattels, giving to the party lately in possession of this species of property, of which he has been thus unlawfully dispossessed, the right to invoke the equity powers of the court by summary process to put the parties in *statu quo*, pending the litigation over the right of possession ; and we must presume the wisdom, and policy, and necessity of such an enactment, relating to the peculiar species of property to which it applies, was apparent to the Legislature that enacted it.

Thus regarding, as I do, this order as merely temporary or preliminary, (although, in the zeal of the plaintiff's counsel to procure the order, not aptly worded by him,) and that the main action is not determined, but is still in progress, it follows, from the decision of this court I have quoted, that the appeal must be dismissed,

but without prejudice to the defendant's bringing another appeal, if they shall be so advised, in conjunction with their appeal from the final judgment, if judgment shall be against them.

This court would be precluded from hearing this appeal at this time upon another ground apparent upon the record. The transcript does not purport to contain all the papers upon which the order was granted, and the statute relating to the sending up of transcripts in appeals of this kind seems to have been wholly disregarded.

The appeal is dismissed at appellant's costs, without prejudice.

SHANNON, C. J.—I concur in the foregoing opinion by MR. JUSTICE MOODY, and in the judgment of dismissal of the appeal.

BARNES, J.—This is an appeal from an order of the District Court of Lawrence county, restraining the defendants from interfering with certain mining property therein described, said order having the force and effect of a writ of restitution. The complaint alleges that immediately prior to the bringing of this suit, the plaintiffs were in the quiet and peaceable possession of, and were entitled to, the possession of a mining claim known as the " Old Brigg " mine, lode, lead, ledge, deposit or vein of gold-bearing ore or quartz rock.

The complaint also alleges that while so in the peaceable and quiet possession of said described premises, and entitled thereto, the said defendants, on the twenty-seventh day of March, 1878, by fraud, and during the temporary absence of said plaintiffs, entered upon and into a certain tunnel situated upon said mining property, said tunnel as well as mining property being in the rightful possession of the plaintiffs; that on the twenty-eighth day of March, 1878, said plaintiffs demanded that said defendants surrender to said plaintiffs the possession of said mining property, which said defendants refused, and still refuse to do. The plaintiffs therefore pray that an injunction may issue herein, having the force and effect of a writ of restitution of the above described premises, and for such other relief as by law and right they may be entitled to. The complaint is verified.

The defendants take issue upon the allegations of the complaint. By their answer the defendants raise the further question as to the power of the District Court or Judge, in a summary manner, to determine the question of the right of possession of the premises in controversy.    They also claim that the statute conferring this power upon the District Court or Judge is unconstitutional, and of no force or effect.

Issue being thus joined, on the third day of April the presiding Judge of the First District granted an order, on the application of the plaintiffs, requiring defendants to show cause before him, at chambers, on the ninth day of April following, why an injunction having the force and effect of a writ of restitution should not issue.

On the ninth day of April, 1878, by consent of parties, the hearing was postponed to the eighteenth day of said month.    The respective parties were then heard, and an order granted restoring the plaintiffs to the immediate possession of the mining property, and prohibiting and enjoining the defendants from further interference therewith.

The appellants seem to have regarded this order of restitution as disposing of all the questions raised by the pleadings, and as a final judgment in the action.    In this I think they are in error.

It is an undeniable fact, of which courts may properly take notice, that in mining districts and localities there is a strong tendency toward the disregard of law and order—fraudulently and stealthily to seize upon the possessions of others, and by force and intimidation to deprive the rightful occupant of his property or possession.    Hence the wisdom, and I think necessity, of the law under consideration.

Section 20, p. 162, c. 31, Rev. St., provides that in six enumerated cases a party may be restored to the possession of premises by order of the District Court or Judge thereof, if the property be mining property :  *First,* when ousted by force and violence ;  *second,* by fraud ;  *third,* when kept out of possession by threats ;  *fourth,* when the party entered on Sunday ;  *fifth,* a legal holiday ;  *sixth,* when the party was temporarily absent from his premises.

Fairly construed, it may be stated thus :   When the party has been deprived of mining property, of which he was in possession,

by unlawful, fraudulent or criminal means, the District Court or District Judge may, by order, restore the party to his possession and protect him in the occupancy thereof, pending the determination of other questions involved.

The last paragraph of section 20 removes all doubt upon this question, if doubt could otherwise exist. I give the language: "The granting of such writ to extend only to the right of possession under the facts of the case, in respect to the manner in which the possession was obtained, leaving the parties to their legal rights on all other questions as though no such writ had issued."

There is no doubt in this respect the Legislature has conferred upon District Courts and District Judges unusual power. It is well to observe, however, that this power can only be exercised where, by means criminal, unlawful and fraudulent, calculated to incite a breach of the peace, the offending party or parties, by their disregard of law, have made it necessary to exercise unusual powers to compel them to obey the law and respect the rights of others.

In determining this question I have not overlooked the inquiry as to whether the order or judgment under review is so far final that an appeal can be taken to this court, nor do I purpose to pass upon that question in determining this case.

The apparent necessity for prompt judicial construction of the statute under consideration has led me to disregard, so far as practicable, the consideration of other questions arising in this case. I have remarked that the defendants have taken issue upon the allegations of the complaint. In so holding I do not overrule or modify the decision of this court as to the insufficiency of the answer in the case of *Dole v. Burleigh,* but I do hold that the party interposing an insufficient pleading shall not be permitted in this court to urge the insufficiency of his own pleading.

The judgment or order appealed from in this case should be affirmed, except so far that upon the final determination of the action in the District Court the order should be modified or set aside in accordance with the judgment or decree finally entered in the District Court.